UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York  11747
(631) 247-0404
      ATTORNEYS OF RECORD:
          ROGER H. BRITON (RB4705)
          KATHRYN J. RUSSO (KR7252)

-------------------------------------------------------------x

ANJALI MALANEY,

                        Plaintiff,

            -against-                    07 CV 8773

EL AL ISRAEL AIRLINES, YOSSI         (Cote, J.)
BENBASSAT, HANNA WOSKOBOINIK,
MICHAEL MAYER, JOHN BALZER, and
HAIM ROMANO,

                        Defendants.

-------------------------------------------------------------x

TO:   ANJALI MALANEY
       *PLAINTIFF PRO SE*
       707 BRITTANY DRIVE
       WAYNE, NEW JERSEY  07470

## NOTICE TO PRO SE LITIGANT OPPOSING MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants have moved to dismiss your complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure and have referred to matters outside the pleadings in support of the motion. In the alternative, Defendants seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that Defendants have asked the Court to

decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rules 12(b) and 56(e).** An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full texts of Rule 12 and Rule 56 are attached as Exhibit A.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your Complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the Defendants and raising issues of fact for trial. Any witness statements, which may include your own statements, must be in the form of sworn affidavits based upon each affiant's knowledge. You may submit affidavits that were prepared specifically in response to Defendants' motion for summary judgment.

Any issue of fact that you wish to raise in opposition to the motion to dismiss or for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by Defendants. If you do not respond to the motion to dismiss or for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the Defendants, the Court may accept Defendants' factual assertions as true. Judgment may then be entered in Defendants' favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: Melville, New York
       October 31, 2007

                              JACKSON LEWIS LLP
                              *ATTORNEYS FOR DEFENDANTS*
                              58 South Service Road, Suite 410
                              Melville, New York  11747
                              (631) 247-0404

                    By:     */s/ Kathryn J. Russo*
                              Kathryn J. Russo, Esq. (KR7252)

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2007, I caused a true and correct copy of the enclosed Notice To Pro Se Litigant Opposing Motion To Dismiss, Or In The Alternative, For Summary Judgment to be served upon Plaintiff, via Federal Express, addressed to:

ANJALI MALANEY
*PLAINTIFF PRO SE*
707 BRITTANY DRIVE
WAYNE, NEW JERSEY  07470

*(signature)*
Kathryn J. Russo, Esq. (KR7252)

I:\Clients\E\20115_RHB\Malaney\Pleadings\Notice to pro se litigant.doc

# EXHIBIT A

FRCP 12

Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings

(a) **When Presented.**

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer

(A) within 20 days after being served with the summons and complaint, or

(B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(2) A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after being served. The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer, or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs.

(3)(A) The United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint or cross-claim—or a reply to a counterclaim—within 60 days after service on the United States attorney.

(B) An officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint or cross-claim—or a reply to a counterclaim—within 60 days after service on the officer or employee, or service on the United States attorney, whichever is later.

(4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:

(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

(b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and

28

FRCP 12

disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(c) **Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(d) **Preliminary Hearings.** The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

(e) **Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or with n such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

(f) **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

(g) **Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

(h) **Waiver or Preservation of Certain Defenses.**

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000)

29

# FRCP 56

## Rule 56. Summary Judgment

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

## Rule 57. Declaratory Judgments

The procedure for obtaining a declaratory judgment pursuant to Title 28 U.S.C. § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949.)

## Rule 58. Entry of Judgment

**(a) Separate Document.**
(1) Every judgment and amended judgment must be set forth on a separate document, but a separate document is not required for an order disposing of a motion:

(A) for judgment under Rule 50(b);
(B) to amend or make additional findings of fact under Rule 52(b);
(C) for attorney fees under Rule 54;
(D) for a new trial, or to alter or amend the judgment, under Rule 59; or
(E) for relief under Rule 60.

(2) Subject to Rule 54(b):

(A) unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

(i) the jury returns a general verdict,
(ii) the court awards only costs or a sum certain, or
(iii) the court denies all relief;

(B) the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

(i) the jury returns a special verdict or a general verdict accompanied by interrogatories, or

(ii) the court grants other relief not described in Rule 58(a)(2).

**(b) Time of Entry.** Judgment is entered for purposes of these rules:

(1) if Rule 58(a)(1) does not require a separate document, when it is entered in the civil docket under Rule 79(a), and

(2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs:

(A) when it is set forth on a separate document, or
(B) when 150 days have run from entry in the civil docket under Rule 79(a).

**(c) Cost or Fee Awards.**

(1) Entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except as provided in Rule 58(c)(2).

(2) When a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.