UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, NY 11747
(631) 247-0404
    ATTORNEYS OF RECORD:
        ROGER H. BRITON (RB4705)
        KATHRYN J. RUSSO (KR7252)

-------------------------------------------------x
ANJALI MALANEY,

                Plaintiff,

    -against-                      07 CV 8773

EL AL ISRAEL AIRLINES, YOSSI        (Cote, J.)
BENBASSAT, HANNA WOSKOBOINIK,
MICHAEL MAYER, JOHN BALZER, and
HAIM ROMANO,

                Defendants.
-------------------------------------------------x

TO:    ANJALI MALANEY
        *PLAINTIFF PRO SE*
        707 BRITTANY DRIVE
        WAYNE, NEW JERSEY 07470

**DEFENDANTS' STATEMENT OF UNCONTESTED FACTS PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

        Defendants El Al Israel Airlines, Yossi Benbassat, Hanna Woskoboinik, Michael Mayer, John Balzer, and Haim Romano, by their undersigned counsel, Jackson Lewis LLP, submit the following Statement of Uncontested Facts pursuant to Local Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern

Districts of New York and in support of Defendants' Motion To Dismiss The Complaint, or in the alternative, For Summary Judgment.

1. Plaintiff is a former employee of El Al whose last day of employment was February 28, 2007. (See the accompanying Affidavit of Yossi Benbassat ["Benbassat Aff."], ¶¶ 1-3 & Exhibit A [Plaintiff's Complaint]; page numbers have been added to the attachments of Plaintiff's Complaint for ease of reference).

2. On October 27, 2006, in anticipation of a planned restructuring of its operations in the United States, El Al offered all of its United States-based employees, both union and non-union, (with the exception of employees based in Israel but temporarily employed in the United States) a Voluntary Severance Program ("VSP") pursuant to which any employee electing to separate would be paid severance and medical continuation upon the termination of his/her employment, subject to the execution of a general release. (Benbassat Aff., ¶ 4 & Ex. B).

3. The VSP was entirely voluntary. (Benbassat Aff., ¶ 5 & Ex. B).

4. On October 27, 2007, Plaintiff, together with all other eligible employees, was given the VSP Announcement, together with attachments. (Benbassat Aff., ¶ 6 & Ex. B).

5. All employees were given thirty (30) days to decide whether they wished to elect to separate and participate in the VSP. (Benbassat Aff., ¶ 7 & Ex. B).

6. One of the attachments to the VSP Announcement was a copy of the "El Al 2006 Voluntary Severance Program Separation Agreement and General Release" ("Release") that a participating employee would be required to sign on his/her last day of

employment if he/she chose to participate in the VSP. (Benbassat Aff., ¶ 8 & Ex. B, pp. 6-12).

       7.     The Release provided that the Employee could not receive benefits under the VSP unless he or she executed the Release. Specifically:

> Employee's ability to participate in this Program is conditioned upon Employer's acceptance of Employee's offer to participate in the Program, and Employee's satisfaction of all eligibility requirements for the Program, including Employee's complete execution and timely delivery of this Separation Agreement and General Release.

(Benbassat Aff., ¶ 9 & Ex. B, p. 6, ¶ 1).

       8.     In addition, the Release further provided:

> Employee understands and agrees that he or she would not receive the monies and/or benefits specified in the Program Plan Document except for his or her execution of this Agreement and fulfillment of the promises contained in this document that pertains to Employee.

(Benbassat Aff., ¶ 10 & Ex. B, p. 6, ¶ 3).

       9.     The Release included a waiver of all legal claims:

> Employee knowingly and voluntarily releases and forever discharges Employer, . . . and the current and former employees, officers, directors and agents thereof, . . . of and from any and all claims, known and unknown, which Employee, . . . have or may have against Releasees up to and including the date of the complete execution of this Agreement, including, but not limited to, any alleged violation of: . . . Title VII of the Civil Rights Act of 1964; . . . the New York Human Rights Law; the New York City Charter and Administrative Code; . . . any public policy, contract, tort law or common law; . . . or any collective bargaining agreement.

(Benbassat Aff., ¶ 11 & Ex. B, pp. 6-8, ¶ 5).

3

10. The Release advised the Employee that he or she could consider the Release for at least 45 calendar days and further advised the Employee to consult with an attorney:

> EMPLOYEE HAS BEEN ADVISED THAT HE OR SHE HAS AT LEAST 45 CALENDAR DAYS TO CONSIDER THIS SEPARATION AGREEMENT AND GENERAL RELEASE, AND HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS SEPARATION AGREEMENT AND GENERAL RELEASE.

(Benbassat Aff., ¶ 12 & Ex. B, p. 10).

11. The Release stated that it set forth the entire agreement between El Al and Plaintiff. Specifically, the Release stated:

> This Agreement sets forth the entire agreement between Employee and Employer, and fully supersedes any prior agreements or understandings between Employee and Releasees pertaining to the subjects addressed in this document. Except as may otherwise be agreed to in writing, Employee acknowledges that he or she has not relied on any representations, promises or agreements of any kind made to him or her in connection with his or her decision to accept this Agreement and election to participate in the Program, except for those set forth in this Agreement, the official plan documents for the Program, the El Al Medical Plan, the El Al Pension Plan, the El Al Variable Annuity Plan, the El Al 401(k) Plan, any successor plans thereto, and any summary plan description or summary of material modifications for the Program or the said Plans.

(Benbassat Aff., ¶ 13 & Ex. B, pp. 9-10, ¶ 13).

12. The Release also contained a seven-day revocation period:

> Employee may revoke this Agreement for a period of 7 days following the day he or she executes this Agreement.

(Benbassat Aff., ¶ 14 & Ex. B, p. 6, ¶ 4).

4

13. Another one of the attachments to the VSP Announcement was an election form. (Benbassat Aff., ¶ 15 & Ex. B, p. 5).

14. On November 27, 2006, the deadline for making elections under the VSP, Plaintiff signed and submitted her election form. (Benbassat Aff., ¶ 16 & Ex. C).

15. The election form signed by Plaintiff explicitly stated that "I understand that the Company has the absolute discretion to accept or reject my application for the Program and I will be required to sign a Separation Agreement and General Release on my last day of employment in order to receive any benefits under the program." (Benbassat Aff., ¶ 17 & Ex. C).

16. Other employees also elected to resign and receive the benefits of the VSP. (Benbassat Aff., ¶ 18).

17. On December 1, 2006, Plaintiff was presented with a written confirmation of termination of her employment pursuant to the VSP, identifying her last day of employment as February 28, 2007, specifying her severance, and confirming that she might receive further enhanced benefits depending on the outcome of union negotiations. (Benbassat Aff., ¶ 19 & Ex. D).

18. On or about December 3, 2006, following her election and the Company's acceptance of her election, Plaintiff sent El Al (with copies to her union representatives) a notice advising that she was "withdrawing my resignation dated November 27, 2006." (Benbassat Aff., ¶ 20 & Ex. A, p. 12).

19. As there was no provision in the VSP allowing employees to withdraw or rescind their elections, Yossi Benbassat, El Al's Director of Human Resources and

Administration, advised Plaintiff on December 7, 2006 that the Company was treating her election to resign as binding. (Benbassat Aff., ¶ 21 & Ex. A, p. 13).

20. On December 8, 2006, Plaintiff signed the acknowledgement of her termination of employment. (Benbassat Aff., ¶ 22 & Ex. D).

21. Together with all other eligible employees, Plaintiff was given the Release on October 27, 2006. The Release was to be executed on Plaintiff's last day of employment. (Benbassat Aff., ¶ 23 & Ex. B).

22. On February 28, 2007 (Plaintiff's last day of employment), Plaintiff signed a memo acknowledging that her severance under the VSP had been increased to $26,760.08, and attached a copy of an email (sent at the same time) stating that she would be signing "under duress and protest," because she had been "misinformed," "as my job has not been dissolved." (Benbassat Aff., ¶ 24 & Ex. E).

23. That same afternoon, Mr. Benbassat advised Plaintiff once again that El Al disagreed with her position that she had been misinformed. Mr. Benbassat reiterated that to be eligible for the severance and medical benefits offered under the VSP, Plaintiff would have to sign the Release "without condition or comment," and that if she did so, "it will be understood that you are knowingly and voluntarily waiving all claims relating to your employment and the termination of your employment" and that she would be provided with the severance and benefits of the VSP. (Benbassat Aff., ¶ 25 & Ex. A, p. 16).

24. As she was leaving that day (February 28, 2007, her last day of employment), Plaintiff executed and delivered the Release without further comment or condition. (Benbassat Aff., ¶ 26 & Ex. Exhibit A, p. 10 & Ex. F).

25. On her last day of employment, Plaintiff's supervisor, John Balzer, provided her with a favorable letter of recommendation. (Benbassat Aff., ¶ 27 & Ex. A, p. 17).

26. The Release provided for a 7-day revocation period. (Benbassat Aff., ¶ 28 & Ex. F, ¶ 4). Plaintiff did not revoke her acceptance of the Release within the revocation period. (Benbassat Aff., ¶ 28).

27. The Release provided that Plaintiff was given at least 45 calendar days to consider the Release. (Benbassat Aff., ¶ 29 & Ex. F, page 10). In fact, Plaintiff was first given the Release on October 27, 2006; she therefore had four months to consider it before signing. (Benbassat Aff., ¶ 29 & Ex. B).

28. The Release advised Plaintiff to consult with an attorney prior to signing the Release. (Benbassat Aff., ¶ 30 & Ex. F, p. 10).

29. Because Plaintiff executed the General Release and did not revoke it within the revocation period, Plaintiff was paid the severance and received all of the benefits provided for in the VSP. (Benbassat Aff., ¶ 31).

30. Plaintiff would not have otherwise received any severance benefits, but for her execution of the Release. (Benbassat Aff., ¶ 32 & Exs. B & F).

31. Plaintiff never returned to El Al the severance pay and benefits she received under the VSP. (Benbassat Aff., ¶ 33).

32. On October 12, 2007, Yossi Benbassat accepted service of the Complaint on behalf of himself as well as Defendants El Al Israel Airlines, Hanna Woskoboinik, and John Balzer. (Benbassat Aff., ¶ 34). He did not accept service on behalf

7

of the other two named Defendants, Michael Mayer and Haim Romano. (Benbassat Aff., ¶ 34).

33. To the best of Mr. Benbassat's knowledge, Defendants Mayer and Romano have not been served with the Complaint. (Benbassat Aff., ¶ 35).

34. Michael Mayer is a former employee of El Al who lives in Israel. (Benbassat Aff., ¶ 36).

35. Haim Romano is the President of El Al, who lives and works in Israel. (Benbassat Aff., ¶ 37).

Dated: Melville, New York
       October 31, 2007

                        Respectfully submitted,

                        JACKSON LEWIS LLP
                        *ATTORNEYS FOR DEFENDANTS*
                        58 South Service Road, Suite 410
                        Melville, New York 11747
                        (631) 247-0404

By: _Kathryn J. Russo_____
      ROGER H. BRITON (RB4705)
      KATHRYN J. RUSSO (KR7252)

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007, the within DEFENDANTS' STATEMENT OF UNCONTESTED FACTS PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT was filed with the Clerk of the Court and served by Federal Express, as follows:

ANJALI MALANEY
*PLAINTIFF PRO SE*
707 BRITTANY DRIVE
WAYNE, NEW JERSEY 07470

_____
KATHRYN J. RUSSO (KR7252)

I:\Clients\E\20115_RHB\Malaney\Pleadings\Rule 56 1 Statment.doc

9