**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, NY  11747
(631) 247-0404
      ATTORNEYS OF RECORD:
          ROGER H. BRITON (RB4705)
          KATHRYN J. RUSSO (KR7252)

-------------------------------------------------------------------x

ANJALI MALANEY,

                 Plaintiff,

      -against-                        Civ. No.:  CV-07 8773

EL AL ISRAEL AIRLINES, YOSSI
BENBASSAT, HANNA WOSKOBOINIK,        Cote, J.
MICHALE MAYER, JOHN BALZER, and
HAIM ROMANO,

               Defendants.

-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT.

                                         JACKSON LEWIS LLP
                                         *Attorneys for Defendants*
                                         58 South Service Road, Ste. 410
                                         Melville, New York  11747
                                         (631) 247-0404

Of Counsel:
    Roger H. Briton
    Kathryn J. Russo

## Table of Contents

Page

TABLE OF AUTHORITIES ........................................................................................................iii

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ...........................................................................................................2

    A.    The Voluntary Severance Program Announcement ................................................2

          1.    The Separation Agreement and General Release ...........................................3

               a.    The Employee Could Not Receive Benefits Under the VSP Unless He or She Executed the Release. .........................3

               b.    The Release Included a Waiver Of All Legal Claims. ......................................................................................3

               c.    The Release Advised The Employees That He or She Could Consider the Release for At Least 45 Calendar Days and That He or She Should Consult with An Attorney. ...........................................................4

               d.    The Release Contained An Integration Clause. ..............................4

               e.    The Release Permitted the Employee To Revoke Within Seven Days of Execution. ...................................5

          2.    Plaintiff Signed The Election Form. ...............................................5

          3.    El Al Confirmed Plaintiff's Election to Separate Under the VSP in Writing, and Plaintiff Signed The Written Confirmation. .......................................................................................5

    B.    Plaintiff Signed The Release On Her Last Day Of Employment. ........................6

    C.    Plaintiff Did Not Revoke the Release and Did Not Tender Back The Consideration. ..........................................................................................7

    D.    Plaintiff Files This Lawsuit. ................................................................................7

ARGUMENT ...............................................................................................................................8

POINT I    DISMISSAL OF THE COMPLAINT, OR SUMMARY JUDGMENT FOR ALL DEFENDANTS, IS APPROPRIATE BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM

**Page**

AND BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT....................................................................................8

A.    Legal Standards Applicable to Motions Under Fed. R. Civ. P. 12(b)(6)..........................................................................................8

B.    Legal Standards Applicable to Motions Under Fed. R. Civ. P. 56......................9

POINT II    THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF EXECUTED A VALID RELEASE BARRING ALL CLAIMS THAT ARE THE SUBJECT OF HER COMPLAINT..........................10

A.    The Release is Valid. ..................................................................11

    1.    Plaintiff's Education and Business Experience. ........................12

    2.    The Amount of Time Plaintiff Had to Consider the Release.................12

    3.    Plaintiff's Role in Deciding the Terms of the Release. ......................13

    4.    The Clarity of the Release...................................................13

    5.    Plaintiff Was Advised to Consult With an Attorney. ......................13

    6.    Plaintiff Received Consideration That Exceeded What She Was Already Entitled to By Law. ..............................................14

B.    Plaintiff's Claim of Alleged Economic Duress Is Meritless.....................14

    1.    No Threat Was Unlawfully Made.............................................15

    2.    Plaintiff Did Not Sign The Release "Involuntarily" and Cannot Show That She Had No Alternatives. ..........................15

    3.    Plaintiff Ratified The Release By Failing to Return the Consideration.....................................................................17

POINT III    ALL TITLE VII CLAIMS ASSERTED AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED. ....................17

POINT IV    THE NEW YORK STATE AND NEW YORK CITY HUMAN RIGHTS LAW CLAIMS ASSERTED AGAINST INDIVIDUAL DEFENDANTS MAYER, BALZER AND ROMANO MUST BE DISMISSED. .............................................................................18

CONCLUSION.....................................................................................19

# TABLE OF AUTHORITIES

## FEDERAL CASES

Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40 (2d Cir. 1991)...........................................10

Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986) .............................................................9

Bachiller v. Turn On Prods., Inc., 2003 U.S. Dist. LEXIS 6164 (S.D.N.Y. Apr.
    11, 2003), aff'd, 86 Fed. Appx. 465 (2d Cir. 2004) ......................................11,12,15,17

Bank of Am. Nat'l Trust and Sav. Ass'n v. Gillaizeau, 766 F.2d 709 (2d Cir.
    1985) ...........................................................................................................................11

Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)............8

Bormann v. AT&T Communications, Inc., 875 F.2d 399 (2d Cir. 1989), cert.
    denied, 493 U.S. 924 (1989) ..................................................................................11,13

Bradley v. TIAA-CREF, 2005 U.S. Dist. LEXIS 24455 (S.D.N.Y Oct. 20, 2005)...........16

Branker v. Pfizer, 981 F. Supp. 862 (S.D.N.Y. 1997) .........................................................13

Briggs v. Mercedes-Benz Manhattan, Inc., 2006 U.S. Dist. LEXIS 70489
    (S.D.N.Y. Sept. 27, 2006)..............................................................................................18

C'3 Media & Mktg. Group, LLC v. FirstGate Internet, Inc., 419 F. Supp. 2d 419
    (S.D.N.Y. 2005) ............................................................................................................11

Cheung v. N.Y. Palace Hotel, 2005 U.S. Dist. LEXIS 34659 (E.D.N.Y. Sept. 28,
    2005) ...........................................................................................................12,13,14,17

Cordoba v. Beau Deitl & Assocs., 2003 U.S. Dist. LEXIS 22033 (S.D.N.Y. Dec.
    8, 2003) ......................................................................................................11,12,13,14

Cosmas v. Hassett, 886 F.2d 8 (2d Cir. 1989) ......................................................................9

Davis v. Eastman Kodak Co., 2007 U.S. Dist. LEXIS 23193 (W.D.N.Y. Mar. 29,
    2007) ...........................................................................................................................17

Dewey v. PTT Telecom Netherlands, U.S., Inc., 1995 U.S. Dist. LEXIS 13134
    (S.D.N.Y. Sept. 12,  1995), aff'd, 1996 U.S. App. LEXIS 15840 (2d Cir. July
    2, 1996) ..................................................................................................................12-13

DIRECTV Group, Inc. v. Darlene Investments, LLC, 2006 U.S. Dist. LEXIS
    69129 (S.D.N.Y. Sept. 27, 2006)................................................................................ 10-11

Evans v. Waldorf-Astoria Corp., 827 F. Supp. 911 (E.D.N.Y. 1993) ...................................13

Farrell v. Title Associates, Inc., 2004 U.S. Dist. LEXIS 2508 (S.D.N.Y. Feb. 20, 2004) ...........................................................................................................................15,16,17

Frumkin v. IBM Corp., 801 F. Supp. 1029 (S.D.N.Y. 1992) ...............................................14

Ghirardelli v. McAvey Sales & Service, Inc., 287 F. Supp. 2d 379 (S.D.N.Y. 2003), aff'd, 98 Fed. Appx. 909 (2d Cir. 2004) ..............................................................9

Giordano v. City of New York, 274 F.3d 740 (2d Cir. 2001) ...............................................9

Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms. Group, PLC, 289 F.3d 136 (2d Cir. 2002), cert. denied, 537 U.S. 1191 (2003) ..............................................8

Hseuh v. Bank of New York, 2005 U.S. Dist. LEXIS 25791 (S.D.N.Y. Oct. 31, 2005) ...............................................................................................................................16

Kamerman v. Steinberg, 891 F.2d 424 (2d Cir. 1989), aff'd, 86 Fed. Appx. 465 (2d Cir. 2004).......................................................................................................15

Kantha v. Blue, 262 F. Supp. 90 (S.D.N.Y. 2003) ..............................................................18

Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987)..................................................................................................................9

Kulak v. City of New York, 88 F.3d 63 (2d Cir. 1996).........................................................9

Lambertson v. Kerry Ingredients, Inc., 50 F. Supp. 2d 163 (E.D.N.Y. 1999).............12,13

Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998).............................11

Mandell v. County of Suffolk, 316 F.3d 368 (2d Cir. 2003) ...............................................17

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986).........................................................................................................9

Nelson v. Stanley Blacker, Inc., 713 F.Supp. 107 (S.D.N.Y. 1989) ...................................15

Nicholas v. NYNEX, Inc., 929 F. Supp. 727 (S.D.N.Y. 1996) ...........................................16

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001)...................9

Prunella v. Carlshire Tenants, Inc., 94 F. Supp. 2d 512 (S.D.N.Y. 2000)...........................12

iv

Reid v. IBM Corp., 1997 U.S. Dist. LEXIS 8905 (S.D.N.Y. June 26, 1997) ..............13,14

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000)...............................................................9

Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597 (2d Cir. 2006).............................17

Taylor v. Local 32E Service Employees Intern. Union, 286 F. Supp. 2d 246
    (S.D.N.Y. 2003)............................................................................................................10

Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995)...................................................... 17-18

VKK Corp. v. NFL, 244 F.3d 114 (2d Cir. 2001) ..............................................................14,15

Von Grabe v. Ziff Davis Publishing Co., 1995 U.S. Dist. LEXIS 17335
    (S.D.N.Y. Nov. 20, 1995)......................................................................................... 14-15

Weinraub v. Int'l Banknote Co., 422 F. Supp. 856 (S.D.N.Y. 1976) ..................................16

Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62 (2d Cir. 2000) ........................18

## FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6)...............................................................................................1,8,10

Fed. R. Civ. P. 56......................................................................................................1,9,10

## PRELIMINARY STATEMENT

Defendants El Al Israel Airlines ("El Al" or the "Company"), Yossi Benbassat, Hanna Woskoboinik, Michael Mayer, John Balzer, and Haim Romano submit this memorandum of law in support of their motion for: (1) dismissal of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6); or, in the alternative, (2) for summary judgment for Defendants, as a matter of law, pursuant to Fed. R. Civ. P. 56.

As detailed further below, Plaintiff *Pro Se* Anjali Malaney asserts a variety of claims relating to purported "misrepresentations" allegedly made in connection with the termination of her employment by Defendant El Al pursuant to a Voluntary Severance Program ("VSP"). Participation in the VSP was completely voluntary. Plaintiff signed an election form and another written confirmation indicating her election to participate in the VSP in order to receive the significant severance and medical benefits offered by the VSP – benefits to which Plaintiff was not otherwise entitled. In return for receiving the benefits of the VSP, however, Plaintiff was required to execute a Separation Agreement and General Release ("Release") on her last day of employment, which, among other things, clearly and unequivocally released the Company and its employees (including all of the individual Defendants) from each of the claims she now asserts.

Plaintiff had four full months to consider signing the Release and was advised to consult with an attorney. The Release clearly indicated that Plaintiff would be waiving any and all legal claims she had or might have against the Defendants as of the date of execution of the Release. It also stated that there were no other agreements or understandings between the parties.

On February 28, 2007, Plaintiff signed the Release and thereafter received the severance and medical benefits of the VSP. She did not revoke the Release within the revocation period and never returned the severance benefits to the Company. Having received and retained the benefits of the VSP, and having signed and not revoked the Release, Plaintiff's current claims must be dismissed. There are no disputed material issues of fact and Defendants therefore are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

Plaintiff is a former employee of El Al whose last day of employment was February 28, 2007. (Defendants' Statement of Uncontested Facts Pursuant to Local Rule 56.1 in Support of Their Motion for Summary Judgment, ["Defts. 56.1"], ¶ 1).

### A.    The Voluntary Severance Program Announcement.

On October 27, 2006, in anticipation of a planned restructuring of its operations in the United States, El Al offered all of its United States-based employees, both union and non-union (with the exception of employees based in Israel but temporarily employed in the United States) a VSP pursuant to which any employee electing to separate would be paid severance and medical continuation upon the termination of his/her employment, subject to the execution of a general release. (Defts. 56.1, ¶ 2). The VSP was entirely voluntary. (Defts. 56.1, ¶ 3).

On October 27, 2007, Plaintiff, together with all other eligible employees, was given the VSP Announcement, with attachments. (Defts. 56.1, ¶ 4). All employees were given thirty (30) days to decide whether they wished to elect to separate and participate in the VSP. (Defts. 56.1, ¶ 5).

1.     **The Separation Agreement and General Release.**

One of the attachments to the VSP Announcement was a copy of the "El Al 2006 Voluntary Severance Program Separation Agreement and General Release" ("Release") that a participating employee would be required to sign on his/her last day of employment if he/she chose to receive the benefits of the VSP.  (Defts. 56.1, ¶ 6).  Some of the key provisions of the Release were the following:

    a.     **The Employee Could Not Receive Benefits Under the VSP Unless He or She Executed the Release.**

The Release provided that:

> Employee's ability to participate in this Program is conditioned upon Employer's acceptance of Employee's offer to participate in the Program, and Employee's satisfaction of all eligibility requirements for the Program, including Employee's complete execution and timely delivery of this Separation Agreement and General Release.

(Defts. 56.1, ¶ 7).

In addition, the Release further provided:

> Employee understands and agrees that he or she would not receive the monies and/or benefits specified in the Program Plan Document except for his or her execution of this Agreement and fulfillment of the promises contained in this document that pertains to Employee.

(Defts. 56.1, ¶ 8).

    b.     **The Release Included a Waiver Of All Legal Claims.**

The Release provided that:

> Employee knowingly and voluntarily releases and forever discharges Employer, . . . and the current and former employees, officers, directors and agents thereof, . . . of and from any and all claims, known and unknown, which Employee, . . . have or may have against Releasees up to and including the date of the complete execution of this Agreement, including, but not limited to, any

3

> alleged violation of: . . . Title VII of the Civil Rights Act of 1964;
> . . . the New York Human Rights Law; the New York City Charter
> and Administrative Code; . . . any public policy, contract, tort law
> or common law; . . . or any collective bargaining agreement.

(Defts. 56.1, ¶ 9).

### c.   The Release Advised The Employee That He or She Could Consider the Release for At Least 45 Calendar Days and That He or She Should Consult with An Attorney.

The Release provided that:

> EMPLOYEE HAS BEEN ADVISED THAT HE OR
> SHE HAS AT LEAST 45 CALENDAR DAYS TO
> CONSIDER THIS SEPARATION AGREEMENT
> AND GENERAL RELEASE, AND HAS BEEN
> ADVISED IN WRITING TO CONSULT WITH AN
> ATTORNEY PRIOR TO EXECUTING THIS
> SEPARATION AGREEMENT AND GENERAL
> RELEASE.

(Defts. 56.1, ¶ 10).

### d.   The Release Contained An Integration Clause.

The Release provided that:

> This Agreement sets forth the entire agreement between
> Employee and Employer, and fully supersedes any prior
> agreements or understandings between Employee and
> Releasees pertaining to the subjects addressed in this
> document. Except as may otherwise be agreed to in
> writing, Employee acknowledges that he or she has not
> relied on any representations, promises or agreements
> of any kind made to him or her in connection with his
> or her decision to accept this Agreement and election to
> participate in the Program, except for those set forth in this
> Agreement, the official plan documents for the Program,
> the El Al Medical Plan, the El Al Pension Plan, the El Al
> Variable Annuity Plan, the El Al 401(k) Plan, any successor
> plans thereto, and any summary plan description or summary
> of material modifications for the Program or the said Plans.

(Defts. 56.1, ¶ 11).

4

**e.    The Release Permitted the Employee To Revoke Within Seven Days of Execution.**

The Release provided that:

Employee may revoke this Agreement for a period of 7 days following the day he or she executes this Agreement.

(Defts. 56.1, ¶ 12).

## 2.    Plaintiff Signed The Election Form.

Another one of the attachments to the VSP Announcement was an election form. (Defts. 56.1, ¶ 13). On November 27, 2006, the deadline for making elections under the VSP, Plaintiff signed and submitted her election form. (Defts. 56.1, ¶ 14). The election form signed by Plaintiff explicitly stated that "I understand that the Company has the absolute discretion to accept or reject my application for the Program and I will be required to sign a Separation Agreement and General Release on my last day of employment in order to receive any benefits under the program." (Defts. 56.1, ¶ 15).

Other employees also elected to resign and receive the benefits of the VSP. (Defts. 56.1, ¶ 16).

## 3.    El Al Confirmed Plaintiff's Election to Separate Under the VSP in Writing, and Plaintiff Signed The Written Confirmation.

On December 1, 2006, Plaintiff was presented with a written confirmation of termination of her employment pursuant to the VSP, identifying her last day of employment as February 28, 2007, specifying her severance, and confirming that she might receive further enhanced benefits depending on the outcome of union negotiations. (Defts. 56.1, ¶ 17).

On or about December 3, 2006, following her election and the Company's acceptance of her election, Plaintiff sent El Al (with copies to her union representatives) a notice advising that she was "withdrawing my resignation dated November 27, 2006." (Defts. 56.1, ¶

5

18). As there was no provision in the VSP allowing employees to withdraw or rescind their elections, Yossi Benbassat, El Al's Director of Human Resources and Administration, advised Plaintiff on December 7, 2006 that the Company was treating her election to resign as binding. (Defts. 56.1, ¶ 19).

On December 8, 2006, Plaintiff signed the acknowledgement of her termination of employment. (Defts. 56.1, ¶ 20).

**B.      Plaintiff Signed The Release On Her Last Day Of Employment.**

Together with all other eligible employees, on October 27, 2006, Plaintiff was given the Release which was to be executed on her last day of employment. (Defts. 56.1, ¶ 21).

On her last day of employment, February 28, 2007, Plaintiff signed a memo acknowledging that her severance under the VSP had been increased to $26,760.08, and attached a copy of an email (sent at the same time) stating that she would be signing "under duress and protest," because she had been "misinformed," "as my job has not been dissolved." (Defts. 56.1, ¶ 22).

That same afternoon, Mr. Benbassat advised Plaintiff once again that El Al disagreed with her position that she had been misinformed. He reiterated that to be eligible for the severance and medical benefits offered under the VSP, Plaintiff would have to sign the Release "without condition or comment," and that if she did so, "it will be understood that you are knowingly and voluntarily waiving all claims relating to your employment and the termination of your employment" and that she would be provided with the severance and benefits of the VSP. (Defts. 56.1, ¶ 23).

As she was leaving that day (February 28, 2007, her last day of employment), Plaintiff executed and delivered the Release without further comment or condition. (Defts. 56.1, ¶ 24).

On her last day of employment, Plaintiff's supervisor, John Balzer, provided her with a favorable letter of recommendation. (Defts. 56.1, ¶ 25).

### C.    **Plaintiff Did Not Revoke the Release and Did Not Tender Back The Consideration.**

Plaintiff did not revoke her acceptance of the Release within the revocation period. (Defts. 56.1, ¶ 26). Because Plaintiff executed the General Release and did not revoke it within the revocation period, Plaintiff was paid the severance and received all of the benefits provided for in the VSP. (Defts. 56.1, ¶ 29). Plaintiff would not have otherwise received any severance benefits, but for her execution of the Release. (Defts. 56.1, ¶ 30).

Plaintiff never returned to El Al the severance pay and benefits she received under the VSP. (Defts. 56.1, ¶ 31).

### D.    **Plaintiff Files This Lawsuit.**

On or about October 11, 2007, Plaintiff commenced this action alleging violations of Title VII of the Civil Rights Act of 1964, the New York Human Rights Law, the New York City Human Rights Law, wrongful termination, breach of contract, retaliation, discrimination and breach of good faith. (Defts. 56.1, ¶ 1).

On October 12, 2007, Mr. Benbassat accepted service of the Complaint on behalf of himself as well as Defendants El Al Israel Airlines, Hanna Woskoboinik, and John Balzer. He did not accept service on behalf of the other two named Defendants, Michael Mayer and Haim

Romano. (Defts. 56.1, ¶ 32). To the best of Mr. Benbassat's knowledge, Defendants Mayer and

Romano have not been served with the Complaint. (Defts. 56.1, ¶ 33).[1]

## ARGUMENT

## POINT I

## DISMISSAL OF THE COMPLAINT, OR SUMMARY JUDGMENT FOR ALL DEFENDANTS, IS APPROPRIATE BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM AND BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT.

### A.    Legal Standards Applicable to Motions Under Fed. R. Civ. P. 12(b)(6).

On a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), the Court

"must accept the allegations contained therein as true and draw all reasonable inference

therefrom in favor of the plaintiff." Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms.

Group, PLC, 289 F.3d 136, 140 (2d Cir. 2002) (citation omitted), cert. denied, 537 U.S. 1191

(2003). "While a complaint attacked on a Rule 12(b)(6) motion does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1959, 167 L.Ed.2d

929 (2007). For purposes of a motion to dismiss, a complaint is deemed to include "any written

instrument attached to it as an exhibit or any statements or documents incorporated in it by

reference . . . and documents that the plaintiff either possessed or knew about and upon which

---

[1]   Michael Mayer is a former employee of El Al who lives in Israel. (Defts. 56.1, ¶ 34). Haim Romano is the President of El Al, who lives and works in Israel. (Defts. 56.1, ¶ 35).

they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000) (citing Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989)).  A court may dismiss a claim if, assuming all the facts alleged in the complaint to be true, Plaintiff fails to state facts that would entitle her to relief.  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

### B.   Legal Standards Applicable to Motions Under Fed. R. Civ. P. 56.

The principal purpose of summary judgment is to dispose of meritless claims before engaging in a frivolous and costly trial.  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).  A district court must grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  Giordano v. City of New York, 274 F.3d 740, 746 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986)).  An issue of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 746-47.

Summary judgment must be granted unless a plaintiff presents "concrete particulars" to substantiate his claim, and to show that there is a genuine issue of material fact for trial.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986) (to defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); Kulak v. City of New York, 88 F.3d 63, 70 (2d Cir. 1996) (mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment); Ghirardelli v. McAvey Sales & Service, Inc., 287 F. Supp.2d 379, 391 (S.D.N.Y. 2003) (same), aff'd, 98 Fed. Appx. 909 (2d

Cir. 2004); <u>Taylor v. Local 32E Service Employees Intern. Union</u>, 286 F. Supp.2d 246, 255 (S.D.N.Y. 2003) (same).

Under the foregoing standards, Defendants are entitled to dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56.

## POINT II

### THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF EXECUTED A VALID RELEASE BARRING ALL CLAIMS THAT ARE THE SUBJECT OF HER COMPLAINT.

On her last day of work, February 28, 2007, Plaintiff executed the Release. In relevant part, the Release barred all claims now asserted in Plaintiff's Complaint, *i.e.*, claims under Title VII of the Civil Rights Act of 1964; the New York Human Rights Law; the New York City Human Rights Law; as well as any claims asserted under "any public policy, contract, tort law or common law," *inter alia*. (Defts. 56.1, ¶¶ 9, 24). Defendant El Al and all of the individual Defendants are "Releasees" as defined by the Release. (Defts. 56.1, ¶¶ 9, 24).[2] The Release also plainly barred reliance on any agreements or understandings outside the writing of the Release. (Defts. 56.1, ¶¶ 11, 24). Thus, all of Plaintiff's claims have been waived by the Release.

It is settled law in the Second Circuit that a valid release is a complete bar to an action on a claim which is the subject of that release. <u>E.g.</u>, <u>Allen v. Westpoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991); <u>DIRECTV Group, Inc. v. Darlene Investments, LLC</u>, 2006 U.S.

---

[2]   Moreover, Plaintiff asserts in her Complaint that the "alleged discriminatory acts occurred on Dec. 2006 through Feb. 28, 2007," making it clear that any alleged discrimination occurred <u>on or before</u> the date she signed the Release -- Feb. 28, 2007. (Defts. 56.1, ¶ 1 [Plaintiff's Complaint, p. 3]).

Dist. LEXIS 69129 at *10 (S.D.N.Y. Sept. 27, 2006); C'3 Media & Mktg. Group, LLC v. FirstGate Internet, Inc., 419 F. Supp.2d 419, 429 (S.D.N.Y. 2005).

### A.  The Release is Valid.

The validity of a release of Title VII claims is determined by examining the "totality of the circumstances."[3] E.g., Livingston v. Adirondack Beverage Co., 141 F.3d 434, 438 (2d Cir. 1998) (citing Bormann v. AT&T Communications, Inc., 875 F.2d 399, 403 (2d Cir. 1989), cert. denied, 493 U.S. 924 (1989)). Relevant factors include the following:

> 1) the plaintiff's education and business experience,
> 2) the amount of time the plaintiff had possession of or access
> to the agreement before signing it, 3) the role of plaintiff in
> deciding the terms of the agreement, 4) the clarity of the
> Agreement, 5) whether the plaintiff was represented by or
> consulted with an attorney, and 6) whether the consideration
> given in exchange for the waiver exceeds employee benefits
> to which the employee was already entitled by contract or law.

Id. Whether a release contained a provision advising an employee to consult an attorney is considered an additional relevant factor. Id. These factors are not exhaustive, nor must they all be satisfied. Bachiller v. Turn On Prods., Inc., 2003 U.S. Dist. LEXIS 6164 at *8 (S.D.N.Y. Apr. 11, 2003), aff'd, 86 Fed. Appx. 465 (2d Cir. 2004).

---

[3] The enforceability of the Release as to Plaintiff's other claims, including her claims under the New York State Human Rights Law and New York City Human Rights Law, is governed by ordinary contract principles. E.g., Bank of Am. Nat'l Trust and Sav. Ass'n v. Gillaizeau, 766 F.2d 709, 715 (2d Cir. 1985). Under New York contract law, a valid release that is clear and unambiguous on its face, even one relinquishing a discrimination claim, is enforceable so long as the release has been knowingly and voluntarily entered into. E.g., Cordoba v. Beau Deitl & Assocs., 2003 U.S. Dist. LEXIS 22033 at *20 (S.D.N.Y. Dec. 8, 2003). It is well-settled that the "totality of the circumstances" standard is stricter than ordinary contract law principles for determining whether a release is "knowing and voluntary." E.g., Bormann, 875 F.2d at 403. Because Defendants can show that the Release is valid under the "totality of circumstances" standard, Plaintiff's state and city law claims should be dismissed as well.

### 1.    **Plaintiff's Education and Business Experience.**

Plaintiff alleges in her Complaint that she was employed by El Al for sixteen years and that her last position with the Company was as a ticket agent. (Defts. 56.1, ¶ 1). She has made no allegation that she was unable to comprehend the terms of the Release. Plaintiff's business experience demonstrates that she was capable of making a considered decision about the Release. See Cordoba v. Beau Deitl & Assocs., 2003 U.S. Dist. LEXIS 22033 at *14-15 (S.D.N.Y. Dec. 8, 2003) (release valid where employee had high school diploma, one year of college, an associate business degree in Accounting and was a bookkeeper); Bachiller, 2003 U.S. Dist. LEXIS 6164 at *9-10 (release valid where employee had a high school equivalency diploma and was an accounts payable clerk), aff'd, 86 Fed. Appx. 465 (2d Cir. 2004); Prunella v. Carlshire Tenants, Inc., 94 F. Supp.2d 512, 516 (S.D.N.Y. 2000) (release valid where employee had a high school diploma and was a certified plumber).

### 2.    **The Amount of Time Plaintiff Had to Consider the Release.**

The VSP was announced and the Release was provided to Plaintiff and all other eligible employees on October 27, 2006. (Defts. 56.1, ¶¶ 2, 4). Plaintiff signed the Release on February 28, 2007. (Defts. 56.1, ¶ 24). Plaintiff therefore had four months to consider the meaning and effect of the Release. (Defts. 56.1, ¶ 27). Courts have held periods far shorter than this to be ample time to consider a release. E.g., Cheung v. N.Y. Palace Hotel, 2005 U.S. Dist. LEXIS 34659 at * 6-7 (E.D.N.Y. Sept. 28, 2005) (forty-two days was ample time to consider a release); Cordoba, 2003 U.S. Dist. LEXIS 22033 at *14-15 (four days to sign and return a release is sufficient to make a considered decision); Lambertson v. Kerry Ingredients, Inc., 50 F. Supp.2d 163, 169 (E.D.N.Y. 1999) (24 hours was ample time to consider a release); Dewey v. PTT Telecom Netherlands, U.S., Inc., 1995 U.S. Dist. LEXIS 13134 at *6 (S.D.N.Y. Sept. 12,

1995) (four days is sufficient), aff'd, 1996 U.S. App. LEXIS 15840 (2d Cir. July 2, 1996); Evans

v. Waldorf-Astoria Corp., 827 F. Supp. 911, 913 (E.D.N.Y. 1993) (a few hours is sufficient).

### 3.    Plaintiff's Role in Deciding the Terms of the Release.

Plaintiff played no role in deciding the terms of the Release. This fact alone,

however, does not create an issue of fact as to "voluntariness." See Bormann, 875 F.2d at 403,

n.1; Cordoba, 2003 U.S. Dist. LEXIS 22033 at *14-15; Reid v. IBM Corp., 1997 U.S. Dist.

LEXIS 8905 at *17 (S.D.N.Y. June 26, 1997); Branker v. Pfizer, 981 F. Supp. 862, 867

(S.D.N.Y. 1997) ("in light of the balance of the other [Bormann] factors to be considered, lack of

input [in determining the release's terms] alone cannot support invalidating the release").

### 4.    The Clarity of the Release.

The language of the Release is clear and unambiguous. Specifically, Paragraph 5

of the Release clearly states that:

> Employee knowingly and voluntarily releases and forever
> discharges Employer, . . . of any from any claims, known
> and unknown, which Employee, . . . have or may have against
> Releasees up to and including the date of the complete
> execution of this Agreement, including, but not limited to,
> any alleged violation of: . . . Title VII of the Civil Rights Act
> of 1964; . . . the New York Human Rights Law; the New York
> City Charter and Administrative Code; . . . any other federal,
> state, local or other civil rights or human rights, pension,
> employee benefits, employment or labor law, or any other
> local, state, federal or other law, rule, regulation, constitution,
> code, guideline or ordinance; any public policy, contract, tort
> law or common law; . . .

(Defts. 56.1, ¶¶ 9, 24). Language such as this has been held to be clear and unambiguous. E.g.,

Cheung, 2005 U.S. LEXIS 34659 at * 7; Lambertson, 50 F. Supp.2d at 168-69.

### 5.    Plaintiff Was Advised to Consult With an Attorney.

The Release clearly advised Plaintiff to consult with an attorney:

13

> EMPLOYEE HAS BEEN ADVISED THAT HE OR
> SHE HAS AT LEAST 45 CALENDAR DAYS
> TO CONSIDER THIS SEPARATION AGREEMENT
> AND GENERAL RELEASE, AND HAS BEEN
> ADVISED IN WRITING TO CONSULT WITH AN
> ATTORNEY PRIOR TO EXECUTING THIS
> SEPARATION AGREEMENT AND GENERAL RELEASE.

(Defts. 56.1, ¶¶ 10, 28).  Courts have held that where an employee is so advised, her failure to follow this advice will not preclude a finding as a matter of law that the waiver was knowing and voluntary. See, e.g., Reid v. IBM Corp., 1997 U.S. Dist. LEXIS 8905 at *18 (S.D.N.Y. June 26, 1997); Frumkin v. IBM Corp., 801 F. Supp. 1029, 1043 (S.D.N.Y. 1992).

### 6.    Plaintiff Received Consideration That Exceeded What She Was Already Entitled to By Law.

The VSP was completely voluntary.  (Defts. 56.1, ¶ 3).  By signing the Release, Plaintiff received severance benefits of $26,760.08 (less lawful deductions) as well as paid medical benefits.  (Defts. 56.1, ¶¶ 2, 22-24).  Plaintiff would not have otherwise received any severance benefits, but for her execution of the Release.  (Defts. 56.1, ¶ 30).

In factual circumstances such as those in this case, courts have held releases of Title VII claims to be valid and enforceable.  E.g., Cheung, 2005 U.S. LEXIS 34659 at * 6-14; Cordoba, 2003 U.S. Dist. LEXIS 22033 at *14-19; Reid, 1997 U.S. Dist. LEXIS 8905 at *15-18.

### B.    Plaintiff's Claim of Alleged Economic Duress Is Meritless.

Plaintiff argues that she signed the Release "under duress and protest."  (Defts. 56.1, ¶ 1 [Plaintiff's complaint, p. 6]).

A contract, such as a release, is voidable if it is a product of duress.  VKK Corp. v. NFL, 244 F.3d 114, 122 (2d Cir. 2001).  The elements of a claim of "economic duress" are: (1) a threat; (2) which was unlawfully made; (3) and caused involuntary acceptance of contract terms; (4) because the circumstances permitted no other alternative.  Von Grabe v. Ziff Davis

Publishing Co., 1995 U.S. Dist. LEXIS 17335 at *22-23 (S.D.N.Y. Nov. 20, 1995) (Cote, J.)
(quoting Kamerman v. Steinberg, 891 F.2d 424, 431 (2d Cir. 1989) (citation omitted), aff'd, 86
Fed. Appx. 465 (2d Cir. 2004). Thus, in order to prevail on a claim of duress, Plaintiff must
show, *inter alia*, "that [s]he had available no legal remedies to avoid the duress." Von Grabe,
1995 U.S. Dist. LEXIS 17335 at *22-23; Nelson v. Stanley Blacker, Inc., 713 F. Supp. 107, 110
(S.D.N.Y. 1989) (citations omitted). In addition, if a person claiming duress does not act
promptly to repudiate the contract or intentionally accepts benefits under the contract, she will be
deemed to have ratified it. VKK Corp., 244 F.3d at 122-23; Farrell v. Title Associates, Inc.,
2004 U.S. Dist. LEXIS 2508 at *15-16 (S.D.N.Y. Feb. 20, 2004); Von Grabe, 1995 U.S. Dist.
LEXIS 17335 at *22-23.

### 1.    No Threat Was Unlawfully Made.

The only "threat" alleged by Plaintiff is her claim that Mr. Benbassat "threatened"
her when he told her on February 28, 2007 that she would not receive the severance benefits if
she did not sign the Release. (Defts. 56.1, ¶ 1 [Plaintiff's complaint, p. 6]). Rather than being a
threat, Mr. Benbassat merely explained to Plaintiff what previously had been explained to her in
El Al's VSP – that, in order to receive severance benefits, any employee who had elected to
participate in the VSP would have to sign a Release. (Defts. 56.1, ¶¶ 2, 6-8, 23). There was
nothing untrue – let alone "unlawful" – about Mr. Benbassat's statement.

### 2.    Plaintiff Did Not Sign The Release "Involuntarily" and Cannot Show That She Had No Alternatives.

Even if Plaintiff could show that any of the Defendants made an unlawful threat,
Plaintiff cannot demonstrate that she lacked a practical alternative to signing the Release. E.g.,
Farrell, 2004 U.S. Dist. LEXIS 2508 at *16-17 (duress claim without merit where plaintiff did
not show lack of a practical alternative); Bachiller, 2003 U.S. Dist. LEXIS 6164 at *11-12

(same), aff'd, 86 Fed. Appx. 465 (2d Cir. 2004). Plaintiff argues that if she had not signed the Release, she would not have received the severance benefits and she would not have been permitted to return to work. Plaintiff states that she "could not afford" to do this. (Defts. 56.1, ¶ 1 [Plaintiff's complaint, p. 6]). These facts, on their face, do not state a claim of duress. E.g., Hseuh v. Bank of New York, 2005 U.S. Dist. LEXIS 25791 at *16 (S.D.N.Y. Oct. 31, 2005) (plaintiff could not establish duress by alleging that he was "intimidated" by Defendant's statement that he would not receive the money if he did not sign the release), adopted by and complaint dismissed by 2006 U.S. Dist. LEXIS 72824 (S.D.N.Y. Sept. 26, 2006); Farrell, 2004 U.S. Dist. LEXIS 2508 at *17 ("[w]hile the Court is sympathetic to [plaintiff's] need to buy groceries and pay rent, that need is legally inadequate to state a claim of duress"); Weinraub v. Int'l Banknote Co., 422 F. Supp. 856, 859 (S.D.N.Y. 1976) ("mere hard bargaining positions, if lawful, and the press of financial circumstances, not caused by the defendants, will not be deemed duress"); see also Bradley v. TIAA-CREF, 2005 U.S. Dist. LEXIS 24455 at *6 (S.D.N.Y Oct. 20, 2005) (holding that plaintiff's execution of release was knowing and voluntary where plaintiff stated that he needed the severance pay to support his family until he found another job).

Clearly, one alternative available to Plaintiff was to refuse to sign the Release and pursue her legal claims. The courts have held this alternative to be reasonable, even when it means that an employee must give up a hefty economic incentive. E.g., Hseuh, 2005 U.S. Dist. LEXIS 25791 at *17; Reid, 1997 U.S. Dist. LEXIS 8905 at *22-23; Nicholas v. NYNEX, Inc., 929 F. Supp. 727, 732 (S.D.N.Y. 1996).

Another alternative available to Plaintiff was to revoke the Release within the revocation period; however, Plaintiff did not do so. (Defts. 56.1, ¶ 26). Plaintiff's failure to

revoke the release vitiates her claim of "duress." E.g., Farrell, 2004 U.S. Dist. LEXIS 2508 at

*17-18; Bachiller, 2003 U.S. Dist. LEXIS 6164 at *11, aff'd, 86 Fed. Appx. 465 (2d Cir. 2004).

**3.    Plaintiff Ratified The Release By Failing to Return the Consideration.**

Finally, it is undisputed that Plaintiff was paid the severance benefits under the

Release and never has returned that money to El Al.  (Defts. 56.1, ¶¶ 29-31).  Under these

circumstances, Plaintiff has ratified the Release and may not seek to avoid its consequences.

E.g., Davis v. Eastman Kodak Co., 2007 U.S. Dist. LEXIS 23193 at *29-32 (W.D.N.Y. Mar. 29,

2007) (by intentionally retaining the benefits plaintiffs received in exchange for the releases,

even after they were aware of the alleged defects in procuring the releases, plaintiffs ratified the

releases; in addition, plaintiffs' failure to tender back the consideration precluded them from

arguing that the releases were voidable for fraud or duress); Cheung, 2005 U.S. Dist. LEXIS

34659 at *12-13 (holding that, despite plaintiff's claims of economic duress, she could not

rescind release where she failed to tender back the consideration received).

In sum, the Complaint should be dismissed because the Release signed by

Plaintiff is valid and her claim that she signed it "under duress" is meritless, as a matter of law.


**POINT III**

**ALL TITLE VII CLAIMS ASSERTED AGAINST THE INDIVIDUAL DEFENDANTS
MUST BE DISMISSED.**

To the extent that Plaintiff asserts Title VII claims against the individual

Defendants Yossi Benbassat, Hanna Woskoboinik, Michael Mayer, John Balzer and Haim

Romano, such claims must be dismissed.  (Defts. 56.1, ¶ 1).  It is well-settled that there is no

individual liability under Title VII.  E.g., Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597,

608 (2d Cir. 2006); Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003); Tomka v.

Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Briggs v. Mercedes-Benz Manhattan, Inc., 2006

U.S. Dist. LEXIS 70489 at *31-32 (S.D.N.Y. Sept. 27, 2006).


## POINT IV

### THE NEW YORK STATE AND NEW YORK CITY HUMAN RIGHTS LAW CLAIMS ASSERTED AGAINST INDIVIDUAL DEFENDANTS MAYER, BALZER AND ROMANO MUST BE DISMISSED.

To the extent that Plaintiff asserts claims under the New York State and New

York City Human Rights Laws against individual Defendants Michael Mayer, John Balzer and

Haim Romano, those claims must be dismissed. (Defts. 56.1, ¶ 1).

Under both the New York State Human Rights Law and the New York City

Human Rights Law, there can be no individual liability unless there are allegations that the

individuals actually participated in the purported discriminatory conduct. See, e.g., Whidbee v.

Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000); Tomka v. Seiler Corp., 66 F.3d

1295, 1319 (2d Cir. 1995); Kantha v. Blue, 262 F.Supp.2d 90, 109 (S.D.N.Y. 2003); Briggs,

2006 U.S. Dist. LEXIS 70489 at *31-32. There are no allegations in Plaintiff's Complaint that

Defendants Mayer, Balzer and Romano did so. Indeed, Defendants Mayer and Romano never

are mentioned. The only reference to Defendant Balzer is that he wrote a favorable letter of

recommendation for Plaintiff. (Defts. 56.1, ¶ 1 [Plaintiff's Complaint, p. 17]). As such, there is

no legal basis to sue these three persons individually, and all discrimination and/or retaliation

claims asserted against them must be dismissed.[4]

---

[4] To date, Defendants Mayer and Romano, both of whom reside in Israel, have not been served with the Complaint. (Defts. 56.1, ¶¶ 33-35). Although the docket sheet in this matter indicates that Mr. Mayer and Mr. Romano were served by certified mail, Defendants do not acknowledge that such service was made or that such service is proper.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss the Complaint, or in the alternative, for summary judgment, should be granted.

Dated: Melville, New York
       October 31, 2007

                              Respectfully submitted,

                              JACKSON LEWIS LLP
                              *ATTORNEYS FOR DEFENDANTS*
                              58 South Service Road, Suite 410
                              Melville, New York 11747
                              (631) 247-0404

          By:     _____
                              ROGER H. BRITON (RB4705)
                              KATHRYN J. RUSSO (KR7252)

19

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007, the within <u>Memorandum of Law In Support of Defendants' Motion To Dismiss the Complaint, or in the alternative, for Summary Judgment</u>, was filed with the Clerk of the Court and served by Federal Express, as follows:

ANJALI MALANEY
*PLAINTIFF PRO SE*
707 BRITTANY DRIVE
WAYNE, NEW JERSEY  07470

<u>KATHRYN J. RUSSO</u> (KR7252)

I:\Clients\E\20115_RHB\Malaney\Pleadings\Mem of Law-Dismiss.doc

20