# EXHIBIT A

# JUDGE COTE *United States District Court*

_____ Southern _____   **DISTRICT OF**   _____ New York _____

ANJALI Malaney

**SUMMONS IN A CIVIL CASE**

**v.**

Elal Israel Airlines, Yossi Benbessat, Hanna Woskoboiwik, Michael Mayer, John Balzer, Haim Romano

CASE NUMBER:

**07 CIV 8773**

**TO:** (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Pro se   ANJALI Malaney
707 Brittany Drive
Wayne New Jersey 07470

An answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

OCT 1 1 2007

_____     _____
CLERK                                     DATE

(BY) DEPUTY CLERK

(Rev. 2/5/98) Summons in a Civil Action

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | Date |
|---|---|
| NAME OF SERVER (PRINT) | Title |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐  Served personally upon the defendant.  Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify) _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

J. MICHAEL McMAHON

Executed on_____          _____
              Date                                         Signature of Server

                                          _____
                                             Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anjali Malaney    07 CIV 8773

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

El Al Israel Air Lines

Yossi Bendassai, Hanan Wenkelmook
                    Michael Mayer, John Balzer
                    Haim Romero

*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization name i in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant. Addresses should not l e included here.)*

COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION

Jury Trial: ☑ Yes  ☐ No

*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____  ☑  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000
           to 2000e-17 (race, color, gender, religion, national origin).
           *NOTE: In order to bring Title VII in federal district court under Title VII, you must first obtain*
           *Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §
           621 - 634.
           *NOTE:  In order o bring suit in federal district court under the Age Discrimination i*
           *Employment Act, you must first file a charge with the Equal Employment Opportunit*
           *Commission.*

_____     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112
           12117.
           *NOTE: In order to bring suit in federal district court under the Americans with Disabilities Ac*
           *you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunit*
           *Commission.*

_____  ☑  New York State Human Rights Law, N.Y. Exec Law §§ 290 to 297 (age
           race, creed, color, national origin, sexual orientation, military status, sex
           disability, predisposing genetic chacteristics, marital status).

_____  ☑  New York City Human Rights Law, N.Y. City Admin Code §§ 8-
           131 (actual or perceived age, race, creed, color, national origin, gender
           disability, marital status, partnership status, sexual orientation, alienage
           citizenship status).

I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.
      Attach additional sheets of paper as necessary.

Plaintiff      Name _____ANJALI Malaney_____
               Street Address __707 Brittany Drive_____
               County, City ____WAYNE_____
               State & Zip Code ___New Jersey____07470___
               Telephone Number _____973 872 1118 (H) 973·8005028

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the
      defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets
      of paper as necessary.

Defendant      Name __El Al Israel Airlines ( Jose Benbassat )__ Director of Personnel
               Street Address __15 EAST 26th STREET ( 6th FLOOR )__
               County, City ___New YORK_____
               State & Zip Code ___New YORK____10010___
               Telephone Number __212 852 0625____212 852 0624__

C.    The address at which I sought employment or was employed by the defendant(s) is:

      Employer __El Al Israel Airlines ( Jose Benbassat Director of Personnel )__
      Street Address __15 EAST 26th STREET ( 6th FLOOR )__
      County, City ___New YORK_____
      State & Zip Code ___New YORK____10010___
      Telephone Number __212 852 0625____212 852 0624__

II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

            _____          Failure to hire me.

            ___✓___          Termination of my employment.

            _____          Failure to promote me.

            _____          Failure to accommodate my disability.

            ___✓___          Unequal terms and conditions of my employment.

✓

Retaliation

Other acts *(specify)*: _Forced resignation?_

**Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _Dec 2006 thru Feb 28, 20__

*Date(s)*

C.    I believe that defendant(s) *(check one)*:

_✓_    is still committing these acts against me.

_____    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☑    race _ASIAN_ _Indian_              ☐    color _____

☐    gender/sex _____              ☑    religion _Hindu_

☑    national origin _India_

☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_See attached → For wrongful termination_
_→ breach of contract_
_→ retaliation_
_→ discrimination_
_breech of good faith - worked for Elal close_
_to 16 years. I trusted them to give me proper_
_information and they misled me._

**Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

III.    **Exhaustion of Federal Administrative Remedies:**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _April 2007_ *(Date)*

B.    The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

___✓___    issued a Notice of Right to Sue letter, which I received on Oct 4, 2007 *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: I want My job back as a ticket agent and all the medical, dental, travel benefits, I would like back pay for loss of salary starting from March 1, 2007, I
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*
would like medical/health benefit reimbursement from Sept 1, 2007
I would like my flight benefits for myself / immediate family co

I declare under penalty of perjury that the foregoing is true and correct. if I completed 20
years of employment

Signed this 11 day of OCTOBER, 2007

Signature of Plaintiff    Qualim M. Malcaun

Address    707 Brittany Drive
          Wayne, NJ. 07470

_____ _cell

Telephone Number    973 872 1118 (H) 973 800 502

Fax Number *(if you have one)* _____

Please do not allow respondent to plea for summary rejudgement if they are seeking such. I would like the opportunity to explain my case

August 15, 2007

Anjali Malaney

707 Brittany Dr  Wayne NJ 07470

973 872 1118 (H) Evenings

973 464 6135 (cell)

EEOC

Charge # 520-2007-02317

Roxanne Zygmund

33 Whitehall Street, 5th floor

New York NY 10004-2112

Dear Ms. Zygmund

Enclosed please find a rebuttal to the respondent's position statement, along with supporting documentation.

Please note I will be out of town from August 23rd through September 4th and can be contacted via email at amalaney@gmail.com.

Sincerely,

Anjali Malaney

CHARGE # 520-2007-02317

CHARGE # 520-2007-02317

There is a provision in the voluntary severance package to withdraw the resignation. See Exhibit Two (Revocation) Elal Human Resources,Yossi Benbassat acknowledged receipt of my application to withdraw my resignation. I was well within the revocation period when I asked to withdraw my resignation which was within the 7 day period. They denied me that right.(See attached)

I signed the letter dated December 8th, 2006 because Mr. Benbassat said if I do not sign I would not receive the lump sum payment and that I could not return to work after February 28th, 2007.

On February 28th, 2007 my last day I signed the final general release under duress and protest. I was threatened by Mr. Benbassat that if did not sign the general release I will not receive the lump sum payment, no unemployment benefits and that I could not return to work. After being a loyal hard working employee, Mr. Benbassat was ready to dismiss me with nothing unless I signed the final papers. In essence, the company was ready to throw me out on the streets with no lump sum payment, no unemployment benefits and no medical benefits. I was forced to sign the resignation as I was threatened by Mr. Benbassat. I could not afford to be left with no income, no medical benefits, not to mention; jobless. This is after 15 years of employment with the Company.

I believe I was treated differently than other employees. Gail Lazar "Jewish Faith" signed the same resignation. Gail was allowed to withdraw her resignation. I was not given the same opportunity as Gail. Elal claims that the resignation papers were "binding" but this is    quite untrue, if an employee such as Gail "Jewish Faith" was able to withdraw her signature and still remains currently employed by Elal. This is discrimination as Gail

CHARGE # 520-2007-02317

CHARGE # 520-2007-02317

never requested to withdraw her resignation within the seven day revocation period, in the written manner that I had. Mr. Benbassat claims Gail was retained because she spoke Hebrew, however in all the 15 years that I worked there, speaking Hebrew was never a job requirement, and the least criteria for the job.

On March 29th, 2007 I had an interview for a job with Air India. On that day I visited the Elal office, and I was having a conversation with Elal employee Fillmore Apeadu. Ms. Woskoboinik approached me and asked me what I was doing in the city. After I told her I just came from an interview with Air India, she wanted to know who I met with. Hanna Woskoboinik said she was going to contact Air India and advise them not to hire me. Fillmore Apeadu was witness to this conversation, furthermore, Air India never got back to me regarding employment opportunities, because Hanna had more than likely, contacted the managers she knows at Air India. The recommendation letter that Elal gave me is dated February 28th, 2007 and was mailed to me within a week of February 28th, 2007. It was definitely not given to me on March 29th, 2007 and certainly not the purpose of my visit to Elal. I strongly encourage you to contact Filmore Apeadu, and get his written testimony, since he was witness to the conversation.

The position in the accounting department required ticketing experience, their job posting stated this. I was an experienced classified ticket agent with more seniority than Nelly. Nelly Abramov was a reservations agent, with little knowledge of ticketing, and much less seniority, but rather based on race. She had been trained directly under my supervision. Nelly is also of "Jewish Faith". This is racial discrimination against me.

Alan Reiff, a former Jewish Elal employee worked for less than 20 years of employment. He only worked 16 years with Elal. Alan gave a portion of his

7

CHARGE # 520-2007-02317

severance to get his lifetime flying privileges. Again, I was never given the same option.

While the Respondent has been accurate in reporting that Rivka Reich had been terminated by the company in April 2004, they have been grossly negligent, and have omitted the fact that she had been employed with the company for less than 6 years. She did not meet the requirement of 20 years of employment, which is the bare requirement to qualify for Flight Benefits. She was granted this privilege, solely on the basis of her Jewish background. Alan Reiff had been employed no more than 16 years, and not "within few months of 20 years of service" as they claim. This is a complete falsehood. As part of the due process, I strongly encourage you to contact Elal and subpoena employment records for both the aforementioned employees to determine their length of employment.

My last day of employment was February 28th, 2007. On Thursday March 1st, 2007 my father died. The company refused to give me any type of bereavement pay. Which is noted in the union contract. Few years ago Rachel Carrocly's husband past away. The company asked all the employees to give up one vacation day to give her the money in addition to the bereavement pay. The company went over and above their company procedures regarding bereavement. For Rachel who was of "Jewish Faith".

I would like to have my position back as ticket agent with the 6 percent increase in the salary that I would have received, including all back pay, with interest, had I not been forced to resign. However, as an alternative if the company does not want to give me back my job back I would like my flying privileges as if I completed 20 years of service, however Elal would not allow me to. Moreover Rivka Reich and Alan Reiff were given flying benefits with under 20 years, Rivka Reich with well under 20 years of service.

CHARGE # 520-2007-02317

I was given misinformation, misled and told my job was going to be non existing by Mr. Benbassat and ultimately I was forced to sign the resignation papers under duress and protest. This severance package was just a ploy for Elal to reduce their number of Non-Jewish employees. I feel that I was treated unfairly and would like my job back, that was unfairly snatched from me. Mr. Benbassat told me that my job was going to be dissolved. Meanwhile Elal has had job posting as it is hiring people at a record pace.

To summarize, they have discriminated against me because I am of Indian origin and of Hindu Religion, and not of the Jewish Faith.

They have gone out of their way to discredit me with prospective employers and cause harm in every possible way. They have completely disregarded the fact that I worked there for 16 years; and they reward loyal service with involuntary termination.

In order to fulfill due process on the part of EEOC I urge you to contact them to determine the veracity of their Position Statement

I am still upholding my charges against Elal for involuntary, wrongful and coerced resignation, and discrimination, based on all the factual evidence presented.

I am confident they will comply with all your requests for documentation, failing which, I kindly request you commence Litigation proceedings against the respondent.

Thanking you,

I remain,

Sincerely,

Anjali Malaney

9

EXHIBIT 2

## EL AL 2006 VOLUNTARY SEVERANCE PROGRAM
## SEPARATION AGREEMENT AND GENERAL RELEASE

El Al Israel Airlines ("Employer") and the employee who has signed his or her name at the end of this document ("Employee"), agree that:

1.    **Election to Participate.** Upon his or her complete execution and delivery of an Election Form to Employer by November 27, 2006 or such other date established by Employer in its sole discretion, Employee elects to participate in the El Al Israel Airlines 2006 Voluntary Severance Program (the "Program"). Employee's ability to participate in this Program is conditioned upon Employer's acceptance of Employee's offer to participate in the Program, and Employee's satisfaction of all eligibility requirements for the Program, including Employee's complete execution and timely delivery of this Separation Agreement and General Release ("Agreement".

2.    **Last Day of Employment.** Employee will voluntarily resign from Employer as of December 31, 2006 or such other date established by Employer ("Separation Date".

3.    **Eligibility and Consideration.** The eligibility requirements for the Program are set forth in the El Al Israel Airlines 2006 Voluntary Severance Plan And Summary Plan Description ("Program Plan Document"). Individuals who are eligible for and elect to participate in the Program will be provided with enhanced severance and medical benefits as described in, and subject to the terms of, the Program Plan Document. Employee confirms he or she is eligible to participate in the Program and to receive the consideration specified in the Program Plan Document by entering into this Agreement. Employee understands and agrees that he or she would not receive the monies and/or benefits specified in the Program Plan Document except for his or her execution of this Agreement and fulfillment of the promises contained in this document that pertains to Employee.

4.    **Revocation.** Employee may revoke this Agreement for a period of 7 days following the day he or she executes this Agreement. Any revocation within this time period must be submitted, in writing, to El Al's Manager Human Resources and Administration, Yossi Benbassat, and must state, "I hereby revoke my acceptance of my Separation Agreement and General Release." The revocation must be personally delivered during this period to Yossi Benbassat at El Al, 15 East 26th Street, New York, New York 10010, or mailed to Mr. Benbassat at the above address and postmarked within 7 days of Employee's execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday or legal holiday recognized by the State of New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday or legal holiday.

5.    **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges Employer, its parent corporations, affiliates,

# Anjali Malaney (MY)

**From:** Anjali Malaney (MY)
**Sent:** Friday, December 01, 2006 4:10 PM
**To:** Yossi Benbassat
**Cc:** Fillmore Apeadu; Lisa Nantsis

Shalom Yossi
My decision to take the severance or company buyout proposal is based on the statement you made to the employees
In the kitchen two weeks ago that the office is closing on feb 28th 2007.

My question is to you is if in fact the office is closing as you stated, I would like to have confirmation of this in writing that
Reservations/ticket office will be completely dissolved and closed by
Feb 28 2007

I would appreciate an early response with something in writing

Thank you
Anjali Malaney
New york ticket office

Cc: dora Cervantes
Cc: Norman reicher

EL AL ISRAEL AIRLINES LTD.

ANJALI/VIJAY MALANEY
707 BRITTANY DRIVE
WAYNE NJ 07470-3258
PHONE :( 973) 872-1118
FAX # :( 646) 304-7098
E-MAIL: VMALANEY@GMAIL.COM
ANJALI M DE AL USA.COM

FACSIMILE TRANSMITTAL SHEET

| COMPANY: | TO: |
| ELAL ISRAEL Airlines | Yossi Benbassat |
| PHONE NUMBER: | DATE: |
| 212 852 0625 | Dec 3, 2006 |
| FAX NUMBER: 212 9447511 | NUMBER OF PAGES INCLUDING COVER SHEET: |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☒ PLEASE REPLY  ☐ PLEASE RECYCLE

Dear Mr. Benbassat.

Please be advised that I am hereby withdrawing my resignation dated Nov 27, 2006 (Exhibit One), voluntary severance program.

Sincerely

Anjali M.M. Malaney

cc: HOWARD Combie
cc: NORMAN Recher
cc: Lenny Acosta.

12

Att Noeman

**Anjali Malaney (MY)**

From:    Yossi Benbassat
Sent:    Thursday, December 07, 2006 11:32 AM
To:      Anjali Malaney (MY)
Subject: RE:

Anjali shalom,

I am sorry but you can not withdrew your from exhibit one voluntary resignation.


Sincerely,

Yossi G. Benbassat
Human Resources and Admin Manager

From: Anjali Malaney (MY)
Sent: Thursday, December 07, 2006 9:59 AM
To: Yossi Benbassat
Subject:

Shalom Yossi
I had sent you a fax to withdraw myself from exhibit one voluntary resignation. I have not received a response from you
in writing in reference to this

pls kindly reply
thank you
anjali

13

Jan 2, 2007

From Anjani Malaney
973 4646135

SUBMITTED.

## STANDARD GRIEVANCE FORM
## SUBMITTED PURSUANT TO CONTRACT BETWEEN

### & DISTRICT 100, International Association of
### Machinists and Aerospace Workers

Case No _____

Classification _____ General Class of Work **Ticket Agent**

Name(s) **Anjani M.M. Malaney** Dept. **Ticket office** Location **New York**

Date of Employment **April 27, 1992** Seniority Date **April 27, 1992**

Nature of Grievance **Misrepresentation & Misinformation of Severance**

I am hereby greiving the decision of ELAL to dismiss me on Feb 28, 2007. It has been brought to my attention that the company is downsizing but not closing on Feb 28, 2007. In fact employees that participated in the severance package were given dismissal dates of April 30 2007, June 2007, and some were completely denied, and offered other jobs in the company. I feel that I have been a loyal hard working employee and therefore should be offered the same, but wasn't. Furthermore if the IAM and ELAL provides compensation and/or bene more favorable, before or after FEB 28, 2007 I should be entitle the same. I am willing to work until the company clo and a mutually agreeable resolution is made by federal

I hereby grant the International Association of Machinists and Aerospace Workers Power of Attorney and full power

to act for me and in my behalf in the disposition of this grievance submitted by me on _____

cell 973 4646135
(Home) 973 872 1118

02 JAN 2007

Anjali M.M. Malan
Signature of Employee(s)

THIS COPY

14
Company Manager's File Copy

6

Attn: Yossi Benbassat *Guest*    Jan 9, 2007

Attn Dora

# STANDARD GRIEVANCE FORM
## SUBMITTED PURSUANT TO CONTRACT BETWEEN

### & DISTRICT 100, International Association of Machinists and Aerospace Workers

Case No. _____

Classification: **LEAD**

General Class of Work: **LEAD TKT AGT**

Name(s): **RACHEL CARACOCLY**    Dept: **TICKET OFFICE**    Location: **NYC**

Date of Employment: **29 DEC 75**    Seniority Date: **29 DEC 75**

Nature of Grievance: MISREPRESENTATION OF ELAL OPERATIONS AND SEVERANCE.
IT HAS COME TO MY ATTENTION (AS WELL AS TO MY FELLOW COLLEAGUES) AS
THAT ELAL IS DOWNSIZING AND NOT CEASING OPERATION IN THE US WITH
RESPECT TO THE TICKET OFFICE AND RESERVATIONS DEPT. AS WAS PRESENTED
TO US BY THE COMPANY AND SHOP STEWARDS ALIKE. I WAS INITIALLY UNDER
THE IMPRESSION THAT THE VOLUNTARY SEVERANCE PROGRAM MUST HAVE BE
SUBMITTED BY NOV 27, 2006 IN ORDER TO QUALIFY BASED ON INFORMATION
THAT ELAL WOULD BE CEASING OPERATIONS IN CERTAIN DEPARTMENTS BY
FEBRUARY 28, 2007 WHICH IS NOT THE CASE.
I HAVE LEARNT THAT SOME EMPLOYEES WERE GIVEN DISMISSAL DATE
OF APRIL 30, 2007 AND JUNE 2007 AND SOME WERE COMPLETELY DONE
I FEEL THAT I AM A VERY HARD WORKING, KNOWLEDGEABLE + VALUABLE
WORKER.

SINCE THE NEGOTIATIONS STILL GOING ON. AND IF THE IAM AND
ELAL PROVIDES COMPENSATION AND/OR BENEFITS MORE FAVORABLE BEFORE
OR AFTER FEB 28, 2007 I WOULD LIKE TO BE INCLUDED.

I hereby grant the International Association of Machinists and Aerospace Workers Power of Attorney and full authority
to act for me and in my behalf in the disposition of this grievance submitted by me on __05 JAN 2007__ date

Signature of Employee(s)

THIS COPY

15
Union Copy After Dating on Step 3

**3**

Charge # 520 2007 02317

EL AL ISRAEL AIRLINES

| | |
|---|---|
| TO: | ANJALIE MALANEY |
| FROM: | YOSSI BENBASSAT |
| RE: | RELEASE |
| DATE: | FEBRUARY 28, 2007 |

---

When you signed the memo dated today regarding your severance, you referenced an e-mail sent to me at 3:14 this afternoon advising that you were "misinformed" and that you are "signing the severance letter under duress and protest." As you are well aware, the Company disagrees with your position.

To be eligible for the severance and medical benefits, you must sign the El Al 2006 Voluntary Severance Program Separation Agreement and General Release ("Release") without condition or comment. If you so sign the Release, it will be understood that you are knowingly and voluntarily waiving all claims relating to your employment and the termination of your employment as detailed in the Release. In that event, you will receive the severance pay and benefits. If you decline to sign the Release in this manner, you will not be paid this severance or receive these benefits.

In either event, today is your last day of employment with the Company.

16

Charge# 520 2007 0231



February 28, 2007

Subject: Letter of Recommendation for Anjali Malaney

To Whom It May Concern:

Anjali has worked under my supervision as a Telephone Reservations Sales and Ticketing Agent from April 1992. Her responsibilities included salesmanship, customer relations, as well as booking and ticketing individual passengers. During the course of her employment, Anjali proved herself to be an able employee and an extremely hard worker.

I was quite impressed with Anjali's ability to complete all her work assigned to her on time, if not before it was due. Her dedication and individual attention to each and every customer was always thorough and comprehensive. Anjali was a vital part of our Reservations and Ticketing departments. She always went above and beyond to make a client feel comfortable flying with our airline and assisting them in all their needs and concerns.

Overall, Anjali is a very conscientious and able employee. I believe she would be an asset to any company or organization.

Sincerely,

John Balzer
Reservations and Ticketing Manager
EL AL Israel Airlines, USA
212 852 0732

17

EL AL ISRAEL AIRLINES LTD.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004–2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

Anjali Malaney
707 Brittany Drive
Wayne, NJ 07470

     Re:    *Anjali Malaney v. El Al Israel Airlines*
            EEOC Charge No.: 520-2007-02317

Dear Ms. Malaney:

The EEOC has concluded its inquiry into your allegations of discrimination against El Al Israel Airlines ("Respondent"). Under the Equal Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the information you provided.

You allege that you were discriminated against by the Respondent because of your race (Asian Indian), National Origin (India), and your Religion (Hindu), in violation of Title VII of the Civil Rights Act of 1964, as amended. You stated that you have been employed since April 27, 1992 in the position title of "Ticket Agent" and consequently forced to resign on February 28, 2007 because Respondent's Personnel Manager told you that your job as a ticket agent was being eliminated and that the Reservation/Ticket Office was closing because the work was being transferred to Israel. You assert your position was not eliminated and other employees, who did not sign a Voluntary Severance Program ("VSP"), were cross trained to the ticket office to fill the position that was "supposedly eliminated". You assert that you withdrew your voluntary resignation within the seven day period, but Respondent denied your request to withdraw your resignation. You claim Respondent's severance package was "just a ploy" to reduce their number of Non-Jewish employees and has discredited you with prospective employees and to cause you "harm in every possible way". You believe you were discriminated against because a Jewish woman (Gail Lazar) was allowed to withdraw her resignation letter and remain employed with Respondent.

18

1

You further allege that you were 'passed up" for other positions "within the company" and that you tried your "best" to remain employed with Respondent, but because of your race, national origin and religion, you were not selected. More specifically, you stated a "Russian, Jewish Girl" was given an accounting position, which you believe you should have received, because you were most qualified. You also assert Respondent has treated you in a disparate manner regarding flight privileges when you were not afforded the same treatment as two (2) other individuals (Alan Reiff and Rivka Reich), who are both of the Jewish faith and both have flying privileges, but because of your race, national origin and religion you were treated differently.

In addition, you allege that you were subjected to discrimination when you were retaliated and harassed when Respondent's former Human Resources Manager threatened to contact "Air India" "to tell them not to hire" you after you informed Respondent that you had a job interview with "Air India" on March 29, 2007.

To the contrary, Respondent stated in its response to the Commission, that your employment was terminated pursuant to Respondent's "Voluntary Severance Program". Respondent asserts on November 27, 2006, you filed your election to resign and Respondent confirmed your last day of employment was February 28, 2007. Respondent further asserts that on or about December 3, 2006, you sent Respondent (with copies to your union representatives) that you were "withdrawing" your resignation. Respondent claims there was no provision in the VSP allowing employees to withdraw or rescind their elections and you were informed that Respondent was treating your election to resign as binding. Respondent states that on December 8, 2006, you signed the acknowledgement of your termination of employment. Respondent explained that on your last day of employment (February 28, 2007), you signed a "General Release" and you were paid the severance and received all the benefits provided for in the VSP.

Respondent denied you were discriminated against because of your race, national origin and religion or subjected to any form of retaliation. Respondent contends you were not treated any differently from all other employees who were offered to participate in the VSP and who "elected to do so". Respondent denies that you were misled into your voluntary decision to elect to participate in the VSP. Respondent asserts prior to the VSP, the Ticket Office consisted of three (3) Ticket Agents (Lois Schiffman, Filmore Apeadu and you).

Respondent asserts no one has been hired to replace you. Respondent asserts there is currently one Ticket Agent (Filmore Apeadu, Black, American, (Religion Unknown) who had formerly been a Ticket Agent that transferred to a non-union position, and has returned to the Ticket Agent position effective July 1, 2007. Gail Lazar was hired on October 9, 1975, is currently employed as a Reservations Agent, and is not in a similarly situated position as in your former position of Ticket Agent. Respondent stated Rachel Carracooly (Lead Ticket Agent, non-Asian Indian), Leah Broudo (Lead Ticket Agent, non-Asian Indian) and yourself (Ticket Agent) were terminated under the VSP. Respondent noted two (2) new Lead Ticket Agents have been appointed (Howard Crombie and Martha Morel who were both former Reservation Agents).

With regard to your non-selection to the accounting position, Respondent asserts you applied and interviewed for the accounting position in January 2007, however you were not selected because the Accounting Manager made his decision based on the results of the interviews, his general understanding of the work histories of the candidates, and his long experience in managing the accounting function, not because of your race, national origin and religion.

Respondent denies that you were "harassed" "after" your termination when visiting Respondent's Human Resource Manager. Respondent asserts you were not threatened that Air India would be contacted to inform them "not to hire" you, when you informed Respondent that you were interviewing for a position with "Air India". Respondent confirmed you were given a positive letter of reference by your Manager.

Respondent claims you were not discriminatorily denied flight benefits because Alan Reiff left the Company in an individual separation agreement and was given flight benefits as an individual accommodation because he was close to full retirement. Respondent notes Mr. Reiff was hired on April 8, 1984, and terminated on February 14, 2002 and his last position held was a New York Sales Secretary. Respondent noted that with regard to Ms. Rivka Reich, she did not receive the flight benefits which you sought. Respondent also noted that Rachel Carracooly (non-Asian Indian) and Leah Broudo (non-Asian Indian) did not receive any flight benefits when they resigned about the same time as you. Respondent asserts that the VSP which you as well as others accepted specified that there were no enhanced flight benefits being offered but that retiree benefits would be available to employees with at least 20 years service; and it would not have been proper to adjust for a single employee this formulation which was announced to all employees. Respondent claims your termination was pursuant to a program in which the benefits were the same for all similarly situated employees.

3

Based upon an analysis of the information submitted to us, the Commission is unable to conclude that the information establishes a violation of federal law on the part of Respondent. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

on behalf of
Spencer H. Lewis, Jr.
District Director

Date: September 26, 2007

Cc: File

21

4

EEOC Form 161 (2/93)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Anjali Malaney
137 Brittany Drive
Wayne, NJ 07473

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-02317 | Roxanne Zygmund, Investigator | (212) 336-3764 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

September 28 2007
(Date Mailed)

Enclosure(s)

cc:  EL AL ISRAEL AIRLINES    Roger H. Briton, Esq.
     Director Of Personnel     JACKSON LEWIS, LLP
     120 West 45th Street      58 South Service Road, Suite 410
     New York, NY 10036        Melville, NY 11747