UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, NY 11747
(631) 247-0404

    ATTORNEYS OF RECORD:
        ROGER H. BRITON (RB4705)
        KATHRYN J. RUSSO (KR7252)

------------------------------------------------x

ANJALI MALANEY,

                Plaintiff,

    -against-

EL AL ISRAEL AIRLINES, YOSSI
BENBASSAT, HANNA WOSKOBOINIK,
MICHALE MAYER, JOHN BALZER, and
HAIM ROMANO,

                Defendants.

------------------------------------------------x

Civ. No.: CV-07 8773

Cote, J.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT.**

JACKSON LEWIS LLP
*Attorneys for Defendants*
58 South Service Road, Ste. 410
Melville, New York 11747
(631) 247-0404

Of Counsel:
    Roger H. Briton
    Kathryn J. Russo

## PRELIMINARY STATEMENT

Defendants El Al Israel Airlines ("El Al" or the "Company"), Yossi Benbassat, Hanna Woskoboinik, Michael Mayer, John Balzer, and Haim Romano submit this reply memorandum of law in further support of their motion for: (1) dismissal of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6); or, in the alternative, (2) for summary judgment for Defendants, as a matter of law, pursuant to Fed. R. Civ. P. 56. Plaintiff's opposition papers make it clear that there are no disputed material issues of fact and Defendants therefore are entitled to judgment as a matter of law. Plaintiff signed and never revoked a general release by which she released all prior claims, including the claims asserted in this action. Insofar as that release plainly bars this action, the matter should be dismissed in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF'S OPPOSITION PAPERS RAISE NO DISPUTED ISSUES OF FACT AND THEREFORE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AND THE COMPLAINT SHOULD BE DISMISSED.

In opposition to Defendant's motion to dismiss or in the alternative for summary judgment, Plaintiff submitted a 2-1/2 page affidavit which fails to contradict any of the salient facts recited in Defendant's Statement of Uncontested Facts Pursuant to Local Rule 56.1.[1] Plaintiff's failure to do so means that all of those facts must be deemed admitted. See, e.g., Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (defendant's statement of uncontested facts was deemed admitted where *pro se* plaintiff failed to provide admissible evidence in

opposition to summary judgment motion); Gueye v. Evans, 2006 U.S. Dist. LEXIS 82925 at *2 (S.D.N.Y. 2006) (same); Chimarev v. TD Waterhouse Investor Services, Inc., 280 F. Supp.2d 208, 223 (S.D.N.Y. 2003) (where *pro se* plaintiff submitted no sworn statements and offered only blanket denials with no citations to evidence, Defendant's statement of uncontested facts was accepted as true).

Most significantly, Plaintiff does not dispute the following key facts which warrant dismissal or summary judgment in Defendants' favor:

1. The VSP was entirely voluntary. (Defts. 56.1, ¶ 3).

2. Plaintiff was given 30 days in which to decide whether she wished to participate in the VSP, and was given a copy of the Separation Agreement and General Release that she would have to sign if she wished to participate in the VSP. (Defts. 56.1, ¶¶ 4-12).

3. Plaintiff admits that she elected to participate in the VSP. (Pltff. Aff., ¶ 6; Defts. 56.1, ¶¶ 13-15).

4. Plaintiff complains that she was not permitted to revoke her election to participate in the VSP, but it is undisputed that there was no provision in the VSP allowing employees to withdraw or rescind their elections. (Pltff. Aff., ¶¶ 6-8; Defts. 56.1, ¶ 19).

5. On December 8, 2006, Plaintiff signed the acknowledgment of her termination of employment. (Defts. 56.1, ¶ 20).

---

[1] The only fact disputed by Plaintiff is that she served individual Defendants Michael Mayer and Haim Romano with the Complaint. (Pltff. Aff., ¶ 14). Plaintiff does not dispute any other fact asserted in Defendants' Statement of Uncontested Facts Pursuant to Local Rule 56.1.

6. On February 28, 2007, her last day of employment, Plaintiff executed the Release, which contained a broad general release of all claims related to her employment and the termination of her employment.[2] (Defts. 56.1, ¶¶ 9, 24).

7. Plaintiff had four months to consider the Release prior to signing it. (Defts. 56.1, ¶ 27).

8. Plaintiff was advised to consult with an attorney prior to signing the Release. (Defts. 56.1, ¶¶ 6, 10, 28).

9. Plaintiff did not revoke her acceptance of the Release within the 7-day revocation period. (Defts. 56.1, ¶ 26).

10. Plaintiff was paid the severance and received all of the benefits provided for in the VSP. (Defts. 56.1, ¶¶ 29-30).

11. Plaintiff never returned to El Al the severance pay and benefits she received under the VSP. (Defts. 56.1, ¶ 31).

---

[2] The only claim asserted by Plaintiff that arguably was not released is her claim that after her termination, Hanna Woskoboinik allegedly said that she would advise Air India not to hire Plaintiff. (Pltff. Aff., ¶ 12). Ms. Woskoboinik avers that she never made that statement and never spoke to anyone at Air India about Plaintiff. (Woskoboinik Reply Aff., ¶¶ 1-4). In any event, Plaintiff's reliance on purely speculative inadmissible hearsay statements cannot defeat summary judgment. E.g., Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 160 (2d Cir. 1999) (where "there is no admissible evidence that the statements of the former employer caused or contributed to the rejection by the prospective employer, the plaintiff has failed to present a prima facie case"); Kulak v. City of New York, 88 F.3d 63, 70 (2d Cir. 1996) (mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment); Ghirardelli v. McAvey Sales & Service, Inc., 287 F. Supp.2d 379, 391 (S.D.N.Y. 2003) (same), aff'd, 98 Fed. Appx. 909 (2d Cir. 2004).

3

Given that the above-listed facts are undisputed, Plaintiff's Complaint must be dismissed and summary judgment in favor of Defendants should be granted, for all of the reasons set forth in Defendant's initial memorandum of law.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in Defendants' initial moving papers, Defendants' motion to dismiss the Complaint, or in the alternative, for summary judgment, should be granted.

Dated: Melville, New York
       November 30, 2007

                                        Respectfully submitted,

                                        JACKSON LEWIS LLP
                                        *ATTORNEYS FOR DEFENDANTS*
                                        58 South Service Road, Suite 410
                                        Melville, New York 11747
                                        (631) 247-0404

By: _____
                                        ROGER H. BRITON (RB4705)
                                        KATHRYN J. RUSSO (KR7252)

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2007, the within <u>Reply Memorandum of Law In Support of Defendants' Motion To Dismiss the Complaint, or in the alternative, for Summary Judgment,</u> was filed with the Clerk of the Court and served by Federal Express, as follows:

ANJALI MALANEY
*PLAINTIFF PRO SE*
707 BRITTANY DRIVE
WAYNE, NEW JERSEY 07470


_____
KATHRYN J. RUSSO (KR7252)

I:\Clients\E\20115_RHB\Malaney\Pleadings\Reply Mem of Law-Dismiss.doc

5